COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


BERNICE WILSON

                                                    MEMORANDUM OPINION*
v.        Record No. 2413-06-4                              PER CURIAM
                                                         MARCH 27, 2007
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Leslie M. Alden, Judge

              (Mark Bodner, on briefs), for appellant.

              (David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
              County Attorney; Dennis R. Bates, Senior Assistant County
              Attorney; Kimberly P. Baucom, Assistant County Attorney, on
              brief), for appellee.

              (Michael S. Arif; Martin & Arif, on brief), Guardian *ad litem* for
              the minor child.


        Bernice Wilson, mother, contends on appeal that the trial court abused its discretion by

denying her motion to vacate the August 11, 2006 order terminating her residual parental rights to

her son.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court's decision.  Rule 5A:27.[1]

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

     [1] Appellant filed a motion to exclude consideration of portions of the guardian *ad litem's*
brief.  Appellant asks this Court to disregard portions of the brief referring to her previous
proceedings in this Court and referring to another matter involving termination of her parental
rights.  Appellant also asks this Court to deny the guardian *ad litem* oral argument on these
matters.  We deny appellant's motion.

Background

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). Wilson's son was born on July 12, 2005 and removed from Wilson's custody on July 14, 2005. Wilson has four older children, all of whom have been removed from her custody. Wilson's parental rights to these four older children have been terminated. On March 31, 2006, the Juvenile and Domestic Relations District Court of Fairfax County terminated Wilson's parental rights to her infant son because Wilson's parental rights had previously been terminated to her son's siblings. Wilson's appeal to the Fairfax County Circuit Court was set to be heard on August 30, 2006. However, on August 11, 2006, that court entered a fully endorsed order terminating Wilson's parental rights to her infant son. Wilson and her attorney signed the termination order as "Seen and Agreed." This order terminated Wilson's parental rights due to her inability to remedy the conditions that led to her infant son's foster care placement pursuant to Code § 16.1-283(C)(2), and due to Wilson's parental rights to her other children having been involuntarily terminated pursuant to Code § 16.1-283(E)(i).

On August 21, 2006, Wilson's attorney filed a motion to vacate the termination order. The court heard the matter on September 1, 2006. Wilson's attorney argued that Wilson had changed her mind because the Department of Social Services (DSS) would not let her speak to her son or give her information about the child's well-being. When asked by the trial judge, Wilson said "she just wanted to know where her child was and that he was alright" and that she changed her mind because "she was under emotional stress, as her grandmother had just died." Although she claimed she had family members who could care for her son, she was unable to name any. Wilson also admitted that on the day before the September 1, 2006 motion hearing, she had asked her attorney to remove her motion to vacate from the court's docket. Wilson's attorney argued that Wilson was

under duress when she signed the termination order. When the trial judge asked Wilson to be specific about "how she was under duress," Wilson had no explanation. The trial judge denied Wilson's motion to vacate.

## Analysis

The decision of whether to grant or deny a motion to vacate is a matter within the trial court's discretion and will not be disturbed on appeal in the absence of an abuse of discretion. See Cloutier v. Queen, 35 Va. App. 413, 421, 545 S.E.2d 574, 578 (2001). In denying Wilson's motion to vacate the court order terminating her residual parental rights, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990).

Wilson signed the August 11, 2006 order, terminating her rights to her son, as "Seen and Agreed." Her parental rights to her four older children already had been terminated and, therefore, Wilson certainly understood the consequences of a parental rights termination proceeding. At the hearing on her motion to vacate, Wilson argued that she had "changed her mind because she was under emotional stress, as her grandmother had just died." Wilson argued that she had signed the August 11, 2006 order "under duress," but was unable to specify how she had been under duress. Wilson claimed there were family members who could care for her son, but was unable to give the court any names. It is noteworthy that Wilson never suggests that vacating the August 11, 2006 order would be in her son's best interests and never disputes the trial court's reliance on Code § 16.1-283(C)(2) and 16.1-283(E)(i) as the bases for the termination. In addition, Wilson acknowledged that she had asked her attorney to withdraw her motion to vacate the day before the hearing was held on the motion.

The trial court did not abuse its discretion in denying Wilson's motion to vacate the August 11, 2006 order terminating her residual parental rights to her son. Accordingly, the trial court's decision is summarily affirmed. See Rule 5A:27.

Affirmed.